1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7

DISTRICT OF NEVADA

8

* * *

9

WADE SNYDER,

10

         Plaintiff,               3:08-CV-00628-LRH-RAM

11

 v.

12

LIFE CARE CENTERS OF AMERICA, INC.,     ORDER

13

         Defendant.

14
15

Before the court are Defendant Life Care Centers of America's Notice of Removal (#1[1]) and

16

Statement Concerning Removal (#2).  It is unclear from these documents whether the requisite

17

amount in controversy exists to confer subject matter jurisdiction on this court.  Defendant is

18

therefore granted leave to present evidence in order to establish that this action involves the

19

requisite amount in controversy.

20

"[A]ny civil action brought in a State court of which the district courts of the United States

21

have original jurisdiction, may be removed by the defendant or the defendants, to the district court

22

of the United States for the district and division embracing the place where such action is pending."

23

28 U.S.C. § 1441(a).  The district courts of the United States have original jurisdiction of civil

24

actions when the suit is between citizens of different states and the amount in controversy,

25

exclusive of interest and costs, exceeds $75,000.  28 U.S.C. § 1332(a).  Section 1332(a) also

26

[1]Refers to the court's docket

provides the statutory basis for federal courts' subject-matter jurisdiction over suits between citizens of different states. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006).

"If . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Moreover, the removal statute is construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus*, 980 F.2d at 566.

After a defendant files a petition for removal, the court must determine whether federal jurisdiction exists, even if no objection is made to removal. *See Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). The defendant always has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566. Normally this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement. *Id.*

However, if the plaintiff does not claim a sum greater than the jurisdiction requirement, the defendant cannot meet its burden by merely alleging that the amount in controversy is met:

> The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence.

*Id.* (*quoting McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)) (emphasis omitted). This preponderance-of-the-evidence analysis encompasses whether it is "'facially apparent' from the complaint that the jurisdictional amount is in controversy." *See Singer v. State Farm Mut. Auto. Ins.*, 116 F.3d 373, 377 (9th Cir. 1997) (delineating the "appropriate procedure for determining the amount in controversy on removal" as described in *Allen v. R & H Oil & Gas Co.*,

2

1   63 F.3d 1326 (5th Cir. 1995)).  "When the amount is not facially apparent from the complaint, the

2   court may consider facts in the removal petition and may require parties to submit summary-

3   judgment-type evidence relevant to the amount in controversy at the time of removal." *Kroske v.*

4   *U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2006) (internal quotation marks omitted).

5          After review of the complaint and Defendant's petition for removal, the court requires more

6   evidence to determine whether it has subject matter jurisdiction over this case.  Jurisdiction will

7   only exist if Defendant can present "summary-judgment-type evidence" to establish by a

8   preponderance of the evidence that this case meets § 1332(a)'s amount in controversy requirement.

9   Consequently, Defendant has twenty days to present evidence to establish that the matter in

10  controversy exceeds $75,000.  Plaintiff is granted ten days to respond.  No reply is required.

11         IT IS THEREFORE ORDERED that Defendant is granted 20 days to establish the

12  minimum amount in controversy for federal jurisdiction.  Plaintiff is granted 10 days to file an

13  opposition.  No reply is required.

14         IT IS SO ORDERED.

15         DATED this 6th day of March, 2009.

16

17                                                    _____

18                                                    LARRY R. HICKS
                                                      UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26