UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

|  |  |
|---|---|
| WADE SNYDER,<br><br>        Plaintiff,<br><br>v.<br><br>LIFE CARE CENTERS OF AMERICA, INC.,<br>a Tennessee Corporation,<br><br>        Defendant. | 3:08-CV-00628-LRH-RAM<br><br>ORDER |

      Before the court is Defendant Life Care Center's Motion for Summary Judgment (#20[1]). Plaintiff Wade Snyder has not responded. In light of Plaintiff's failure to respond, on August 6, 2009, this court issued a minute order (#24) instructing Plaintiff to show cause by August 21, 2009, why the court should not grant the motion for summary judgment.

      Local Rule 7-2 provides, "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Nonetheless, "a nonmoving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law." *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003). Thus, the absence of an opposition does not change Defendant's burden of proof, and the court will consider Defendant's motion on

---

[1] Refers to the court's docket entry number.

the merits.

## I. Facts and Procedural History

This is negligence action arising out of an injury Plaintiff, a Nevada resident, sustained on November 30, 2007, at Life Care Center of Reno ("Life Care"), a Tennessee corporation. The accident occurred when Plaintiff slipped on a metal ramp while he was delivering medical supplies to Life Care.

As a result of the fall, Plaintiff fractured his left ankle. On the day of the fall, Plaintiff underwent an open reduction internal fixation procedure to repair his fractured ankle. On April 9, 2009, the metal hardware in Plaintiff's ankle was surgically removed. Shortly thereafter, Plaintiff returned to work as a commercial truck driver.

In the complaint, Plaintiff alleges Life Care employees negligently failed to remove snow and ice from the metal ramp. Plaintiff seeks damages in the form of current and future medical expenses, lost wages, and reduced earning capacity.

## II. Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could

find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

### III.  Discussion

Defendant contends that summary judgment is appropriate because Plaintiff has failed to "establish the existence of a genuine issue as to any material fact regarding his claim for future medical expenses and future loss of wages as a result of his ankle injury . . . ." (Def.'s Mot. Summ. J. (#20) at 5.) Defendant notes that while Plaintiff testified that he may develop arthritis or bone growth that may result in future medical expenses and loss of wages, he has cited no evidence substantiating these claims. In fact, Plaintiff's physician testified there is only a "slight likelihood" that Plaintiff's ankle will develop arthritis in the future. The physician further testified that, in his opinion, Plaintiff's ankle would not require any future treatment. (*Id.*, Ex. C at 32:9-25.))

Plaintiff also testified that pain in his left ankle will ultimately prevent him from continuing his employment as a commercial truck driver. However, there is no evidence in the record substantiating Plaintiff's speculative beliefs. Accordingly, summary judgment is appropriate with

regard to Plaintiff's claims for future medical expenses and lost earnings.[2]

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (#20) is GRANTED.

IT IS SO ORDERED.

DATED this 29th day of October, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff also appears to seek damages for medical expenses and lost wages he has incurred to date. Defendant has not sought summary judgment with respect to these claims. Judgment in favor of Defendant is therefore not appropriate at this time.